# In the United States Court of Federal Claims

No. 12-175C
(Filed: July 17, 2014)
UNREPORTED

|  |  |  |
|---|---|---|
| JOHNATHAN DANIEL KING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **Motion to strike government's** |
| v. | ) | **counterclaims, granted; motion to** |
| | ) | **exclude expert testimony and report,** |
| THE UNITED STATES, | ) | **denied** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Oral argument was heard in the above-captioned case on several motions pending before the court, including: plaintiffs' motion to strike the government's counterclaims, ECF No. 87; plaintiffs' motion to exclude in part the testimony and report of defendant's expert Rodney J. Bosco, ECF No. 91; and the government's motion to amend/correct its counterclaims, ECF No. 94. As explained below, the court concludes that the government was required to seek leave to assert its counterclaims. Accordingly, plaintiffs' motion to strike those counterclaims is **GRANTED**, and the government's motion to amend/correct its counterclaims is **DENIED AS MOOT**. The court also concludes, however, that the appropriateness of the government's expert's methodology for calculating Administratively Uncontrollable Overtime ("AUO") is a matter that will need to be addressed on summary judgment. Accordingly, plaintiffs' motion to strike portions of the expert report of Rodney Bosco is **DENIED**, except to the extent that the

report contains any analysis that is solely relevant to the counterclaims that have been stricken.

## I.  Plaintiffs' motion to strike the government's counterclaims

### a.  Background

Plaintiffs filed their complaint on March 16, 2012.  ECF No. 1.  The government's answer, filed May 17, 2012, did not include any affirmative defenses or counterclaims. See ECF No. 9.  On April 9, 2014, this court granted—over the government's objection—plaintiffs' motion to amend the complaint so as to include (1) an alternative request for pre-judgment interest should plaintiffs not receive liquidated damages; and (2) overtime compensation for canine care.  See ECF No. 80.  On May 1, 2014, the government filed its answer to the amended complaint in which the government, for the first time, raised two counterclaims related to overpayments of AUO.  The parties agree that a judgment against the plaintiffs with regard to the government's counterclaims could exceed any recovery plaintiffs might have expected to recover for the government's alleged violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

### b.  The government was required to seek leave to assert its counterclaims

Plaintiffs' motion to strike raises an issue that has not been squarely addressed by the Federal Circuit: whether a defendant is entitled to file an answer to an amended complaint that adds counterclaims or alternative defenses that were not included in the defendant's original answer without first seeking leave of the court.  As reflected in recent district court opinions, at least four approaches have been used to address this issue.  As one court has explained:

> [T]hree approaches have been characterized as permissive, moderate, and narrow. Courts applying the narrow approach hold that an amended answer must be confined specifically to the amendments to the complaint. At the opposite end of the spectrum, those applying the permissive view hold that the defendant is allowed to plead anew to the amended complaint as though it were the original complaint. In between these two views, those courts applying the moderate approach hold that the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint.

Va Innovation Scis., Inc. v. Samsung Elecs. Co., No. 2:12CV548, 2014 WL 1308699, at *5-9 (E.D. Va. Mar. 31, 2014) (adopting moderate approach) (internal quotations and citations omitted). A fourth approach advocates applying the Fed. R. Civ. P. Rule 15(a)(2) standard to new or amended counterclaims. See Bern Unlimited, Inc. v. Burton Corp., No. 11-12278-FDS, 2014 WL 2649006, at *4-6 (D. Mass. June 12, 2014). Under this approach, the counterclaim would be generally be permitted, except in instances of bad faith, dilatory motive, undue prejudice, undue delay, or other similar reasons. Id. at *5.

Having reviewed these various approaches, the court adopts the moderate rule for the reasons identified in Va Innovation Scis., Inc. Under this approach, a party must seek leave to file its counterclaims unless those counterclaims are proportionate to "the breadth of the changes in the amended complaint." Va Innovation Scis., Inc., 2014 WL 1308699, at *9 (quoting Elite Entm't, Inc. v. Khela Bros. Entm't, 227 F.R.D. 444, 446 (E.D. Va. 2005)). Applying the moderate approach to the case at bar, the court concludes that the government's counterclaims must be stricken because the counterclaims far exceed the breadth of the changes in the amended complaint. As noted, the amended complaint added claims related to canine care and an alternative claim for pre-judgment interest should plaintiffs not receive liquidated damages. The parties agree that, if

3

successful on its counterclaims, the government's damages would both exceed any damages related to canine care, liquidated damages, as well as any damages sought in plaintiffs' original complaint.  Accordingly, the government was required to seek leave to file its counterclaims, and plaintiffs' motion to strike is **GRANTED**.[1]

## II. Plaintiffs' motion to exclude in part of the testimony and report of defendant's expert Rodney J. Bosco

As noted, plaintiff has also moved to exclude in part the testimony and report of defendant's expert, Rodney Bosco.  Plaintiff contends that (1) the expert report used an improper methodology for calculating AUO, and (2) Mr. Bosco did not personally conduct or oversee the calculations that are included in the report.  Plaintiff argues that due to these purported failings, the expert report is inadmissible.  In response, the government argues that plaintiffs' motion to exclude must be denied as a procedurally improper attempt to argue the merits of Mr. Bosco's methodology outside of a summary judgment context.

The court agrees with the government that the legal question of the proper methodology for calculating plaintiffs' overtime pay, including the proper policy or guidance to apply when calculating AUO, will be addressed on summary judgment.  Thus, plaintiffs' motion to exclude is premature.  Accordingly, plaintiffs' motion to exclude the testimony and report of Mr. Bosco is **DENIED**.  The parties will proceed with briefing their pending motions for summary judgment according to the following schedule:

|  |  |
| --- | --- |
| **July 21, 2014** | Plaintiffs' response and reply due. |

---

[1] Because the counterclaims are stricken, the government's pending motion to correct/amend certain AUO calculations is **DENIED AS MOOT**.

**August 5, 2014**        Defendant's reply due.

The court intends to contact the parties after briefing is completed to set a date for oral argument.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge
